**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ONE 1989 MAZDA RX7, Its tools,**
**Equipment & Appurtenances,**
**Defendant,**

**James Franklin Payton, Jr.,**
**Defendant–Appellant.**

No. 00–5917.

United States Court of Appeals,
Sixth Circuit.

March 20, 2001.

**372**

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;
GAUGHAN, District Judge.*

### ORDER

James Franklin Payton, Jr., a pro se federal prisoner, appeals a district court order dismissing his request for the return of various assets filed pursuant to Fed. R.Crim.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking the return of jewelry valued at approximately $68,000, Payton alleged that his assets were improperly seized by the government in 1990. The motion represented Payton's third Rule 41(e) motion seeking the return of his property. The district court dismissed the motion as meritless.

In his timely appeal, Payton argues that he was given inadequate notice of the forfeiture of his property.

The district court's order is reviewed de novo. *See United States v. $5,000 in U.S. Currency,* 40 F.3d 846, 848 (6th Cir.1994); *see also Hopi Tribe v. Navajo Tribe,* 46 F.3d 908, 918 (9th Cir.1995).

Payton's motion was properly dismissed. The facts establish that search warrants were executed on two separate residences in Louisville, Kentucky, on March 31, 1990. The searches were conducted as part of an investigation into Payton's suspected drug activities. Payton's mother, Helen Belmar, lived at 4303 Silverleaf Drive. During the search, officers seized eight gold rings, two gold watches, one necklace, and one bracelet. During the search of Payton's house at 215 Longworth Avenue, officers seized a 1989 Mazda RX7, $6,672 in currency, and jewelry, including a Rolex watch and a gold nugget ring. Payton was present at his home during the search and seizure of his property.

On November 23, 1994, Payton filed a motion for the return of his property pursuant to Fed.R.Crim.P. 41(e). Payton sought the return of the jewelry and the currency seized from both residences. On April 21, 1994, the district court allowed Payton to withdraw that motion without prejudice.

On September 20, 1996, Payton renewed his original Rule 41(e) motion, seeking the return of the currency and the jewelry

---

* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

which had been administratively forfeited. As grounds for the renewed motion, Payton stated that he was denied notice and an opportunity to be heard concerning the forfeiture. On February 12, 1997, the district court denied Payton's motion. Payton did not appeal this decision. Payton then filed a motion to set aside the decision pursuant to Fed.R.Civ.P. 60(b).

On May 28, 1997, the district court denied Payton's Rule 60(b) motion. On appeal, this court affirmed the district court's denial of Payton's Rule 60(b) motion.

Upon review, we conclude that Payton's motion is barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide Inc.*, 15 F.3d 573, 582 (6th Cir.1994). As Payton's claim that his property was improperly seized has been previously litigated, Payton's Rule 41(e) motion is barred by the doctrine of claim preclusion.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.